IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

_Glen Earl Folsom_,

(Enter the full name of the plaintiff.)

**CIV 17 -1024 H E**

v.

Case No. _____
(Court Clerk will insert case number)

(1) _Chanda Grice_,

(2) _____,

(3) _____.

(Enter the full name of each defendant. Attach additional sheets as necessary.)

**FILED**

SEP 25 2017

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____Rm_____, DEPUTY

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

Initial Instructions

1. You must type or legibly handwrite the Complaint, and you must answer all questions concisely and in the proper space. Where more space is needed to answer any question, you may attach a separate sheet.

2. You must provide a full name for each defendant and describe where that defendant resides or can be located.

3. You must send the original complaint and one copy to the Clerk of the District Court.

4. You must pay an initial fee of $400 (including a $350 filing fee and a $50 administrative fee). The complaint will not be considered filed until the Clerk receives the $400 fee or you are granted permission to proceed *in forma pauperis*.

5. If you cannot prepay the $400 fee, you may request permission to proceed *in forma pauperis* in accordance with the procedures set forth in the Court's form application to proceed *in forma pauperis*. See 28 U.S.C. § 1915; Local Civil Rule 3.3.

Rev. 10/20/2015

- If the court grants your request, the $50 administrative fee will not be assessed and your total filing fee will be $350.

- You will be required to make an initial partial payment, which the court will calculate, and then prison officials will deduct the remaining balance from your prison accounts over time.

- These deductions will be made until the entire $350 filing fee is paid, **regardless of how the court decides your case.**

7. The Court will review your complaint before deciding whether to authorize service of process on the defendants. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). If the Court grants such permission, the Clerk will send you the necessary instructions and forms.

8. If you have been granted permission to proceed *in forma pauperis*, the United States Marshals Service will be authorized to serve the defendants based on information you provide. If you have not been granted permission to proceed *in forma pauperis*, you will be responsible for service of a separate summons and copy of the complaint on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## COMPLAINT

I. **Jurisdiction is asserted pursuant to:**

　　✓ 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (NOTE: these provisions generally apply to state prisoners), or

　　___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (NOTE: these provisions generally apply to federal prisoners)

　　If you want to assert jurisdiction under different or additional statutes, list these below: NO

Rev. 10/20/2015

II. State whether you are a:

   ✓ Convicted and sentenced state prisoner

   ___ Convicted and sentenced federal prisoner

   ___ Pretrial detainee

   ___ Immigration detainee

   ___ Civilly committed detainee

   ___ Other (please explain) _____

III. Previous Federal Civil Actions or Appeals

   List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

   1. Prior Civil Action/Appeal No. 1 - 16-6246

      a. Parties to previous lawsuit:

         Plaintiff(s): Glen Folsom

         Defendant(s): Mark Knutson, Tracy McCollum, Janet Dowling, Dan Davis, Chanda Grice, Felica Harris, Mike McDougal, Lt Lee, Jim Farris, Chief Francis

      b. Court and docket number: CIV-13-632-D

      c. Approximate date of filing: Dec 11, 2013

      d. Issues raised: Sexual Harassment, Retaliation by staff, Life in Dangerment, Cruel and unusual punishment, Beat by staff, Denied medical treatment

      e. Disposition (for example: Did you win? Was the case dismissed? Was summary judgment entered against you? Is the case still pending? Did you appeal?): I Lost it was dismissed, no judgment against me I appeal and Lost.

      f. Approximate date of disposition: Nov 2016

   If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s). No

Rev. 10/20/2015

V. **Cause of Action**

<u>Instructions</u>

1. *Provide a short and plain statement of each claim.*
   - Describe the facts that are the basis for your claim.
   - You can generally only sue defendants who were directly involved in harming you. Describe how each defendant violated your rights, giving dates and places.
   - Explain how you were hurt and the extent of your injuries.

2. *You are not required to cite case law.*
   - Describe the constitutional or statutory rights you believe the defendant(s) violated.
   - At this stage in the proceedings, you do not need to cite or discuss any case law.

3. *You are not required to attach exhibits.*
   - If you do attach exhibits, you should refer to the exhibits in the statement of your claim and explain why you included them.

4. *Be aware of the requirement that you exhaust prison grievance procedures before filing your lawsuit.*
   - If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you. *See* 42 U.S.C. § 1997e(a).
   - Every claim you raise must be exhausted in the appropriate manner.

5. *Be aware of any statute of limitations.*
   - If you are suing about events that happened in the past, your case may be subject to dismissal under the statute of limitations. For example, for many civil rights claims, an action must be brought within two years from the date when the plaintiff knew or had reason to know of the injury that is the basis for the claim.

6. *Do not include claims relating to your criminal conviction or to prison disciplinary proceedings that resulted in loss of good time credits.*

- If a ruling in your favor "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims in a civil rights complaint unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.

## Claims

List the federal right(s) that you believe have been violated, and describe what happened. Each alleged violation of a federal right should be listed separately as its own claim.

1. **Claim 1:**

    (1) List the right that you believe was violated: Eight Amendment Right to be free from cruel and unusual punishment and

    _____

    _____

    _____

    (2) List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.) Chanda Grice wrote misconducts that where Lies, That costed me to be put in segregation and over retaliatory over her friend being fired over sexualy Harassing mr Folsom, That was cruel and unusual punishment (see) Trobaugh v. Hall 176 F.3d 1087, 1089 (8th Cir 1991) and (see) maurer v. Patterson 197 F.R.D. 244, 249-50 (S.D.N.Y. 2000) She did denial mr Folsom medical treatment see Boretti v. Wiscomb 930 F.2d, 1150, 1155 (6th Cir. 1991) The misconduct that exhibited malice, ill will, a desire to injure, or reckless indifference to Folsom rights (see) Shungo v. Jurich, 965 F.2d. 284, 244-95 (7th Cir 1992) Retaliation claims N.D.Okla 2005 see Title VII civil Rights act of 1964, § 704, 42.U.S.C.A. § 2000e-3.—Bolin v. Oklahoma Conference of the united methodist church, 397 F.Supp.2d 1293,

(3) List the supporting facts: On -12-24-12 Mr Folsom Fed on unit went to medical for help, Did not get any. Nurse C Grice went off on mr Folsom saying your not going to get me fired like you did Dan Davis. That came retalition in the Hightest Dergree. I ended up in Hospitable over trying to kill my self, get transfered over and over, got beat on by staff, and the retalition keeps going on today.

(4) Relief requested: (State briefly exactly what you want the court to do for you.) I want all misconduct to be removed. Plus $5,000,000.00 after taxes from state and Chanda Grice.

2. **Claim II:**

(1) List the right that you believe was violated: 14 Amendment Right under Life and equal protection from cruel Harassment and retalition, she humilliated mr Folson (see) Henson V. Theran 698 F.Supp 150, 152 (N.D. Ill 1988) That became Mental anguish (see) Northington V. Jackson 973 F.2d at 1524 see mental or emotional injury without physical injury 42 U.S.C. § 1997 e (e) when Folsom got beat on by staff and abused that became pain (see) Consolo V. George, 58 F3d 791 (1st Cir 1995)(see) Jones V. Huff 789 F. Supp 526, 536 (N.D. N.Y. 1992) Equal protection of the laws ∞ 211 (1) C.A. 10 (Okla,) 2006 U.S.C.A. Const. Amend. 14 — Grubbs V. Bailes, 445 F.3d 1275,

(2) List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

(3) List the supporting facts:

_____

_____

_____

_____

(4) Relief requested: (State briefly exactly what you want the court to do for you.)

_____

_____

_____

_____

If there are more than two claims that you wish to assert, describe the additional claims using this same format on a separate sheet(s).

VI. Declarations

I declare under penalty of perjury that the foregoing is true and correct.

_Allen of Folsom_                                                _9-20-17_
Plaintiff's signature                                              Date

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the __21__ day of __Oct__, 20__17__

_Allen of Folsom_                                                _9-20-17_
Plaintiff's signature                                              Date

Rev. 10/20/2015

Eight Amendment Right   page 6
Trobaugh v. Hall 176 F.3d 1087, 1089 (8th cir 1991)
Mayrer v. Patterson 197 F.R.D. 244, 249-50 (S.D.N.Y. 2000)
Boretti v. Wiscomb. 930 F.2d 1150, 1155 (6th cir 1991)
Shango v. Jurich, 965 F.2d. 289, 294-95 (7th cir 1992)
N.D. Okla 2005 at ∞ 1553
Title VII civil Rights act of 1964, § 704, 42 U.S.C.A. § 2000e-3
Bolin v. Oklahoma conference of the united methodist church, 397 F.Supp. 2d 1293.

Claim II: page 7
14th Amendment Right
Henson v. Thorn 698 F.Supp 150, 152 (N.D. Ill. 1988)
Northington v. Jackson 973 F.2d at 1524
42 U.S.C. § 1997e(e)
Consolo v. George, 58 F.3d 791 (1st cir 1995)
Jones v. Huff 789 F.Supp 526, 536 (N.D.N.Y. 1992)
∞ 211 (1) C.A. 10 (Okla.) 2006 U.S.C.A Const. Amend 14-
Grubbs v. Bailes, 445 F.3d 1275,