IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GLEN EARL FOLSOM, )
)
Plaintiff, )
)
) No. CIV-17-1024-D
v. )
)
CHANDA GRICE, )
)
Defendant. )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

An initial review of the sufficiency of the cause of action under 28 U.S.C. §1915(e)(2)(B) has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that the cause of action be dismissed upon filing.

I. Statutory Screening of Prisoner Complaints

With any federal litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the court has a duty to screen the prisoner's complaint to determine its

sufficiency. See 28 U.S.C. § 1915(e)(2). In this initial review, the court must dismiss any claim that is found to be frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009)(quotations and citation omitted).

In applying this standard the court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011). On the other hand, "bare assertions" consisting of "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citing Twombly, 550 U.S. at 554–55).

Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court "will not supply additional factual

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing pro se complaint does not "assume the role of advocate")(quotations and citation omitted). Also subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) are frivolous claims that "lack[ ] an arguable basis either in law or in fact" or are "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Statute of Limitations Bars Plaintiff's Cause of Action

Plaintiff is currently confined at the Cimarron Correctional Facility in Cushing, Oklahoma. In his Complaint, Plaintiff names one Defendant, Ms. Grice. Plaintiff's allegations in the Complaint are vague and cryptic. For starters, Plaintiff's Complaint does not identify the capacity in which Ms. Grice is sued. Nor has Plaintiff alleged whether Ms. Grice is a correctional official. Assuming that Plaintiff is alleging that Ms. Grice was acting in her capacity as a state correctional official at the time of the alleged actions forming the basis for this civil suit, Plaintiff has not alleged any actions by Ms. Grice occurring within the applicable two year statute of limitations.

In his first claim, which purportedly asserts an Eighth Amendment claim of

cruel and unusual punishment, Plaintiff alleges only that Ms."Grice wrote misconducts that where [sic] lies, that costed [sic] me to be put in segregation and over retaliatory over [sic] her friend being fired over [sic] sexualy [sic] harassing Mr. Folsom, that was cruel and unusual punishment." Complaint, at 5. As supporting facts relevant to this claim, Plaintiff refers to an incident that occurred in December 2012 involving himself and "Nurse C. Grice." Complaint, at 6.

Plaintiff's second claim for relief is also vague. Plaintiff alleges only: "14 Amendment Right under Life and equal protection from cruel harassment and retaliation, she humiliated Mr. Folsom . . . that became mental anguish . . . ." Id. As relief, Plaintiff requests five million dollars in damages and to have "all misconduct [sic] to be removed." Id.

This is not the first time Plaintiff has alleged that Ms. Grice committed retaliatory acts after he alleged another prison official had sexually harassed him. In his previous 42 U.S.C. § 1983 action filed in this Court on June 18, 2013, Plaintiff sued Ms. Grice and other Defendants, all of whom were identified as Oklahoma prison officials or former Oklahoma prison officials. Folsom v. Knutson, et al., Case No. CIV-13-632-D. In that action, Plaintiff alleged that Ms. Grice retaliated against him by filing misconduct charges soon after he reported in November 2012 that he had been sexually harassed by another prison official.

Eventually, United States District Judge DeGiusti dismissed all of Plaintiff's claims against the prison officials, except for his claims against Ms. Grice, for failure to state a plausible claim for relief. Folsom v. Knutson, 2016 WL 123432 W.D. Okla. Jan. 11, 2016)(Order, DeGiusti, D.J.). Judge DeGiusti dismissed Plaintiff's claims against Ms. Grice without prejudice due to Plaintiff's failure to effect service of process upon Ms. Grice.

Plaintiff appealed United States District Judge DeGiusti's decision, and on August 4, 2017, the Tenth Circuit Court of Appeals issued an Order and Judgment affirming the district court's Fed. R. Civ. P. 12(b)(6) dismissal and also imposing one "strike" on Plaintiff for purposes of 28 U.S.C. § 1915(g). Folsom v. Knutson, __ Fed. App'x __, 2017 WL 3328030 (10th Cir. 2017)(unpublished order).

Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts apply the state statute of limitations for personal injury actions in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). For § 1983 actions arising in Oklahoma, Oklahoma's two-year statute of limitations for personal injury suits applies. Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999)(Oklahoma's two-year statute of limitations applies to § 1983 claims); Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998)(same).

The limitations period begins to run when the cause of action accrues, and the

accrual of an action is determined by federal law. Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir .1998). It is the factual basis of a claim, and not its legal basis, which determines when a civil rights action accrues. In other words, a civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995)(quotation omitted). Because the injury in a § 1983 action is the violation of a constitutional right, "such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Id. (quotations omitted).

In this case, Plaintiff had knowledge of the facts supporting his § 1983 retaliation claim at the time of the alleged retaliatory conduct, which allegedly occurred in December 2012. Documentary evidence attached to the Complaint supports this finding. Plaintiff has attached to the Complaint copies of administrative grievance documents, all of which originated in December 2012 or early 2013. In these documents, Plaintiff alleged that Ms. Grice retaliated against him by filing misconduct charges after he reported another prison official had sexually harassed him in November 2012.

In his previous lawsuit against Ms. Grice, he also alleged that Ms. Grice's allegedly retaliatory conduct occurred soon after he reported another prison official had sexually harassed him in November 2012.

Plaintiff filed the instant action in September 2017, five years after the alleged retaliatory actions were taken by Ms. Grice that form the basis for his lawsuit. Hence, Plaintiff's cause of action is barred by the applicable two-year statute of limitations, and the action fails to state a plausible ground for relief under 42 U.S.C. § 1983.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed upon filing pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) would constitute one "strike" pursuant to 28 U.S.C. §1915(g). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 5th, 2018, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not

addressed herein is denied.

ENTERED this ____14th___ day of _____November_____, 2017.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE