IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLEN EARL FOLSOM, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-17-1024-D |
| | ) | |
| CHANDA L. GRICE, a nurse at the | ) | |
| James Crabtree Correction Center, | ) | |
| an employee with the Oklahoma | ) | |
| Department of Corrections, and; | ) | |
| in her individual capacity, | ) | |
|       Defendant. | ) | *ATTORNEY LIEN CLAIMED* |

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, GLEN EARL FOLSOM, by and through his attorney, Debra K. Hampton, and submits the Plaintiff's Amended Complaint. The amendment has been granted pursuant to an Order of this Court [Dkt. # 18]. The Court established a December 26, 2017, deadline for filing the Amended Complaint. This is timely filed.

**I.  PARTIES**

1.  **Plaintiff:**   Glen E. Folsom, an inmate in the custody of the Oklahoma Department of Corrections. His current address in at the Cimarron Correction Facility, 3200 S. Kings Highway, Cushing Oklahoma. Plaintiff is a resident of the State of Oklahoma.

2.  **Defendant:** Chanda L. Grice, a nurse employed at the James Crabtree Correction Center, an employee of the Oklahoma Department of Corrections and in her individual capacity was working under color of State law at the time the allegations arose.

The Defendant is a resident of the State of Oklahoma in Cherokee, Oklahoma.

## II. JURISDICTION AND VENUE

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure protection and to redress deprivations of rights secured by the First Amendment and Fourteenth Amendment to the United State Constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

The jurisdiction of this Court is also invoked under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, since the claims form part of the same case or controversy arising under the United States Constitution and federal law.

Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## III. INTRODUCTORY STATEMENT AND FACTUAL BASIS FOR CLAIM GROUND I:

> *a. Defendant Grice's violation of the Plaintiff's First Amendment right actionable under the Fourteenth Amendment previously established.*

1.  The Plaintiff, a state prisoner, originally appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff now represented by counsel submits the instant action against Chanda Grice, (Defendant herein)

and in her individual capacity. This action arose out of the conduct of the Defendant. The Plaintiff filed an action in this Court on June 17, 2013, in Case No. CIV-13-632-D addressing the sexual inappropriateness of an Officer named Dan Davis. Davis was later terminated from ODOC because of complaints that Davis was stalking people at the mall in Enid. That was according to an Internal Affairs investigative reports that were compelled by Order (Doc. No. 149) of this Court on July 20, 2015.

2. In [Dkt # 149] the Court granted (Doc. No. 117) Plaintiff's Motion for Order for Production of Documents; granting (Doc. No. 126) Plaintiff's Motion for Order for Production of Documents; granting (Doc. No. 129) Plaintiff's Motion for Order Compelling Production of Documents; denying as moot [Dkt # 133] Plaintiff's Motion for Extension of Time to File Response/Reply; denying 133 Plaintiff's Motion for Extension of Time to File an Amended Complaint; granting (Doc. No. 133) Plaintiff's Motion for Order for Production of Documents; and granting in part and denying in part (Doc. No. 141) Plaintiff's Motion to Strike Defendants' Response.

3. The Defendants were Ordered to submit a Supplemental Special Report in connection with that case and the Defendants complied. The Magistrate determined in that case that Plaintiff had stated a claim against Defendant Grice for issuing a misconduct against him in retaliation for getting her friend, Dan Davis, fired from DOC. The connection between Davis and Grice was revealed by the documents that were submitted by DOC from the Internal Affairs investigation. Grice was a nurse at the facility and she worked with another nurse named Goodpasture that had a relationship of some type with Davis. Where this evidence only reinforced the Plaintiff's claims against Defendant Grice for issuing a retaliatory misconduct which ultimately resulted in the Plaintiff being transferred to another facility.

4. On September 4, 2015, (Doc. No. 179) the Court found that all claims should be dismissed with the exception of one individual-capacity claim against Defendant Chanda Grice. *Id.* at 3, 6, 20-21. Plaintiff alleged that Ms. Grice, a former nurse at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma, falsely accused Plaintiff of misconduct because Plaintiff had reported to prison officials that Ms. Grice's friend, a fellow JCCC employee, had sexually harassed him. See Am. Compl. at 6; see also R. & R. (Doc. No. 179) Mots. to Dismiss at 20-21 (citing *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010))

5. On January 11, 2016, in adopting the previous Report and Recommendation, Judge DeGiusti ordered that: (1) all individual-capacity claims in the Amended Complaint, except for the retaliation claim against Ms. Grice, be dismissed because the facts alleged did not state a claim for which relief could be granted under 42 U.S.C. § 1983. Thus, Plaintiff's retaliation claim against Ms. Grice in her individual capacity is the sole claim

remaining in this lawsuit. See R. & R. Pl.'s R. 60(b) Mot. (Doc. No. 200) at 3; Order Adpt. R. & R. Pl.'s R. 60(b) Mot. (Doc. No. 213) at 1-3.

6.      On August 16, 2013, the Court issued an order authorizing Plaintiff to have a summons and a copy of his original pleading served on each named Defendant, including Ms. Grice, within 120 days. See Order Requiring Service & Special R. (Doc. No. 19) at 1-3; Fed. R. Civ. P. 4(m) (2012). It soon became clear that Ms. Grice was no longer employed at JCCC. See, e.g., Order of Sept. 13, 2013 (Doc. No. 26) at 2-3.3 The Court subsequently—over the course of the filing of an Amended Complaint and various motions by Plaintiff—authorized Plaintiff's continuing efforts to find and serve Ms. Grice, including instructing the United States Marshals Service ("USMS") to take reasonable steps to locate Ms. Grice in order to perfect service of process without disclosing any personal information to Plaintiff or other inmates. The Court extended the times for service because the Plaintiff had shown good cause why the times should be extended. Thus, any times are tolled while a properly filed complaint is pending.

7.      In February 2016, the Court granted Plaintiff a fourth and presumptively final extension of time to serve process on Ms. Grice. See Order of Feb. 16, 2016 (Doc. No. 198) at 4. The Plaintiff attempted to serve Grice by publication and relied on the publisher for perfecting that service. It is recognized that DOC issued more than one check for payment for publication. The Plaintiff's claims against Grice were eventually dismissed for lack of service. Judgment was not entered until September 21, 2016. The Court noted that in reaching this conclusion, although the two-year limitations period for Plaintiff's 42 U.S.C. § 1983 claim against Ms. Grice has likely expired, Oklahoma's "savings statute" likely would allow Plaintiff to file a new action against Ms. Grice within one year of dismissal. See Okla. Stat. tit. 12, § 100; *Williams v. City of Guthrie*, 109 F. App'x 283, 286 (10th Cir. 2004). The instant action was submitted for mailing to this Court on September 20, 2017, and thus the Plaintiff has clearly invoked the mailbox rule to this action by meeting the requirements by indicating that the complaint was placed in the prison's legal mail system. The action was technically filed one day before the expiration of the one-year period and thus refiling is timely.

## IV.    EXHAUSTION OF REMEDIES

The Plaintiff has fully exhausted his administrative remedies and has followed the procedures outlined in the policy of the Oklahoma Department of Corrections. The Defendant's employment agency when compiling the special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) will further establish that the Plaintiff's remedies

are exhausted. The Plaintiff would further adopt the exhibits that were previously submitted with the original Complaint and respectfully request that those exhibits be re-submitted with the Amended Complaint. Those exhibits demonstrate that the plaintiff has exhausted his remedies.

## V. RELIEF SOUGHT

The Plaintiff is seeking $500,000 and punitive damages, with all costs that have been accumulated through litigation that has been billed to his inmate trust account to be removed. The Plaintiff is also seeking an Order that would prohibit Ms. Grice from working in corrections ever again, all costs associated with the filing of this action, all attorney fees to be awarded to Counsel. The Plaintiff is also requesting that the misconducts be removed from his inmate record and that he be returned to James Crabtree Correctional Center without delay.

The Plaintiff believes the request to be transferred back to James Crabtree is a reasonable request as this is the status quo of the Plaintiff before being transferred because of a retaliatory misconduct. Where the misconduct that issued prohibited the Plaintiff from remaining at that facility pursuant to DOC policy.

Respectfully Submitted,

/s/ *DEBRA K. HAMPTON*
DEBRA K. HAMPTON, OBA # 13621
3126 S. Blvd., # 304
Edmond, OK 73013
hamptonlaw@cox.net
(405) 250-0966
(866) 251-4898 (fax)
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Office of the Attorney General
fhc.docket@oag.state.ok.us


/s/ *DEBRA K. HAMPTON*
DEBRA K. HAMPTON