IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLEN EARL FOLSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1024-D |
| | ) | |
| CHANDRA GRICE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 42] and the Supplemental Report and Recommendation [Doc. No. 45] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1) on May 23, 2018, and May 25, 2018, respectively. Liberally construing certain *pro se* motions filed by Plaintiff [Doc. Nos. 41, 43 & 44], Judge Purcell finds that Plaintiff's filings should be treated as motions for preliminary injunctive relief under Fed. R. Civ. P. 65(a) and denied. Within the time period for filing an objection, Plaintiff has made a filing [Doc. No. 47] that the Court construes as an objection to both Reports.

Plaintiff Glen Folsom is an Oklahoma inmate currently confined at a private prison, the Lawton Correctional Facility, who brings suit under 42 U.S.C. § 1983 regarding conditions of his confinement at the James Crabtree Correctional Center ("JCCC") in 2013. Specifically, Plaintiff is proceeding under the Second Amended Complaint [Doc. No. 38], which he was permitted to file after he dismissed his attorney, Debra Hampton. Plaintiff asserts a single claim for relief against Defendant Chandra Grice, a former JCCC employee,

based on allegations that she retaliated against him in violation of the First Amendment by filing a false misconduct report after Plaintiff complained about a fellow employee and caused his employment to be terminated.

The Motions addressed by Judge Purcell in his Report and Supplemental Report ask for orders directing employees at the facility where Plaintiff was then confined (Cimarron Correctional Facility) to copy his legal papers, directing a federal officer to investigate alleged abuse of Plaintiff, transferring Plaintiff to another facility (Joseph Harp Correctional Center), and directing prison officials to provide Plaintiff with access to a law library and mental health services. Judge Purcell finds that the issues raised by Plaintiff's Motions are outside the scope of his pleading and are not proper subjects of a preliminary injunction.

Plaintiff's Objection is not responsive to Judge Purcell's findings. Plaintiff instead complains that his constitutional right of access to the courts is being violated and has been violated in the past, but that a prior case raising this claim was dismissed. *See Folsom v. Knutson*, Case. No. CIV-13-632-D, 2016 WL 123432, Order (W.D. Okla. Jan. 11, 2016), *aff'd*, 702 F. App'x 781 (10th Cir. 2017). In fact, the court of appeals found Plaintiff's appeal in his prior case was "frivolous, and assess[ed] a 'strike' for purposes of 28 U.S.C. § 1915(g)." *Id.* 702 F. App'x at 784. To the extent Plaintiff contends this case is about access to the courts or that prison officials have prevented him from making filings in this case, the record refutes this contention. The Second Amended Complaint asserts a single, administratively-exhausted retaliation claim against Ms. Grice (who has not been served

2

with process as of this date), and Plaintiff has filled the case record with an almost-steady flow of letters, motions, notices, and other filings. Further, Plaintiff's recent transfer to a different facility than the one about which he was complaining in his Motions, renders the Motions moot.

Upon *de novo* review of the issues addressed by Judge Purcell in his Report and Supplemental Report, the Court fully concurs in Judge Purcell's findings and conclusions. The Court finds that Plaintiff's Motions should be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 42] and the Supplemental Report and Recommendation [Doc. No. 45] are ADOPTED.

IT IS FURTHER ORDERED that Plaintiff's Motions [Doc. Nos. 41, 43 & 44], construed as motions for injunctive relief, are DENIED.

IT IS SO ORDERED this 28th day of June, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE