IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GLEN FOLSOM, )
)
    Plaintiff, )
)
v. )    No. CIV-17-1024-D
)
CHANDA GRICE, )
)
    Defendant. )

SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motions for Order, Doc. Nos. 53 and 54, which the Court construes as Motions for Preliminary Injunction. In the first Motion, Plaintiff seeks an order from this Court directing federal officials to transfer him to a safe facility until this litigation, and possibly additional litigation, is completed. *See generally* Doc. No. 53. In the second Motion, Plaintiff appears to seek a transfer to a different facility, complains that his legal mail may not be sent out, expresses concern that officials are going to throw away his legal material, complains that he is not receiving adequate medical attention, and complains about the living conditions of his cell. *See generally* Doc. No. 54. Plaintiffs asks this Court "step in and help him on all matters." Doc. No. 54 at 5.

As this Court has repeatedly explained to Plaintiff, a preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945); *see also*

1

*Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) ("[T]he movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." (internal quotations omitted)).  By this lawsuit, Plaintiff asserts a retaliation claim against Defendant alleging that in 2013 while he was incarcerated at James Crabtree Correctional Center, she falsely accused him of misconduct because Plaintiff had reported to prison officials that Defendant's friend and coworker had sexually harassed him.  These are the fourth and fifth motions in which Plaintiff has clearly sought relief unrelated to the basis of his lawsuit.  The Court cannot properly issue a preliminary injunction when, as here, Plaintiff seeks relief beyond the claims of the Complaint.  *See Farris v. Frazier*, No. CIV-12-1099, 2014 WL 3749142, at *15–16 (W.D. Okla. July 29, 2014); *see also Stouffer v. Eulberg*, No. CIV–09–320–C, 2010 WL 567998, at *2 (W.D. Okla. Feb. 11, 2010) ("When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.").

Additionally, the Court is sensitive not to interfere in state prison administration, a significant public interest to weigh upon a motion for preliminary injunction.  *Turner v. Safley*, 482 U.S. 78, 84-86 (1987).  Therefore, Plaintiff has failed to satisfy the requirements for a preliminary injunction and the Court should deny the same.  *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that Plaintiff's Motions for Order (Doc. Nos. 53 & 54) be DENIED.  Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___July 19th___, 2018, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this ___29th___ day of _June_, 2018.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

3