IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLEN EARL FOLSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1024-D |
| | ) | |
| CHANDRA GRICE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Fourth Supplemental Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For reasons fully explained in a 12-page report, Judge Purcell recommends the dismissal without prejudice of this action pursuant to Fed. R. Civ. P. 4(m) for failure to complete service of process. This case under 42 U.S.C. § 1983 concerns alleged prison incidents in 2012, and the sole defendant, Chandra Grice, still has not been served after the case has been pending for more than a year.[1]

Within the deadline for an objection, Plaintiff has made a *pro se* filing entitled, in part, "Request to Den[y] His Complaint so he can appeal on to U.S. Supreme Court" [Doc.

---

[1] This is Plaintiff's second case against Defendant Grice in this Court. The first case began in 2013 against additional defendants who were dismissed due to Plaintiff's failure to state a § 1983 claim and Eleventh Amendment immunity. *See Folsom v. Knutson*, Case No. CIV-13-632-D, 2016 WL 123432 (W.D. Okla. Jan. 11, 2016). The Tenth Circuit affirmed the dismissal, finding the appeal was frivolous. *See Folsom v. Knutson*, 702 F. App'x 781, 784 (10th Cir. 2017). Defendant Grice was dismissed from the first case for nonservice, and Plaintiff waived the right to appeal her dismissal. *See id*. at 782 n.1.

No. 78]. In this filing, Plaintiff both complains of a lack of legal assistance and explains the lack of service as the result of an inability to obtain the address of Defendant Grice (a former prison employee) from the prison staff. Liberally construed, the Court understands Plaintiff's filing as a timely objection to Judge Purcell's Fourth Supplemental Report. The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff does not disagree with any part of the Fourth Supplemental Report setting forth the procedural history and the facts regarding Plaintiff's efforts to serve Defendant Grice, both in this case and the prior one. *See supra* note 1; Fourth Suppl. R&R at 2-8. Liberally construing Plaintiff's objection, he challenges Judge Purcell's conclusions that "good cause does not exist warranting another extension of time" under Rule 4(m), and that the circumstances do not warrant "an additional permissive extension of time." *See* Fourth Suppl. R&R at 9, 10. Plaintiff arguably challenges Judge Purcell's finding that Plaintiff's insistence that the United States Marshal Service (or the Court) locate Defendant Grice for personal service amounts to a willful refusal to accomplish service of process. *See id.* at 10-11.

Upon *de novo* consideration of these issues, the Court fully concurs with Judge Purcell's analysis and reaches the same conclusions as Judge Purcell. Plaintiff first argues that counsel should have been provided (or should now be provided) to assist him. However, Plaintiff had volunteer counsel representing him in this case until she withdrew

2

because Plaintiff was dissatisfied with her services. *See* Order Allowing Counsel to Withdraw [Doc. No. 30]; *see also* Mot. Amend Compl. [Doc. No. 35] (Plaintiff's *pro se* request "to let him fix the Amended Complaint done by his attorney"). Plaintiff also argues that it is impossible for him to obtain Defendant Grice's address because inmates are not allowed access to personal information of prison employees or former employees. This argument is based on Plaintiff's persistent view that personal or mail service is the only means to serve Defendant Grice. In fact, these means have been exhausted in Plaintiff's past and present cases, and he continues to ignore the only other means of service by publication. The Court agrees with Judge Purcell that "in the current case, [Plaintiff] has essentially refused" to properly serve Defendant Grice. *See* Fourth Suppl. R&R at 11.

IT IS THEREFORE ORDERED that the Fourth Supplemental Report and Recommendation [Doc. No. 77] is ADOPTED in its entirety. This action is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 9th day of November, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE